

MARK DAVID HUNTER, ESQ.  
(ADMITTED NY, FL AND DC)

E-MAIL: mhunter@htflawyers.com

June 16, 2020

**Via CM/ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    ***Operadora Kau-Kan, et al. v. Prodigy Network, LLC, et al.***
            **Case No. 1:20-cv-02770 ALC**

Dear Hon. Judge Carter:

    Our office represents Plaintiffs Operadora Kau-Kan ("**Operadora**"), Benjamin Beja Lezama ("**Mr. Beja**"), Mariana Pinto Escandon ("**Ms. Escandon**"), Dalaman Management Corp. ("**Dalaman**"), De Lorenzo Holdings Corp. ("**De Lorenzo**"), Fernando Bedoya Alipaz ("**Mr. F. Bedoya**"), and Nicolas Bedoya Alipaz ("**Mr. N. Bedoya**") (collectively, "**Plaintiffs**") in the above-captioned matter. Pursuant to the *Individual Practices of Andrew L. Carter, Jr.*, Rule 2(A), Plaintiffs respectfully request a pre-motion conference to discuss their motion for leave to amend their First Amended Complaint ("**FAC**") (Docket Entry ("**D.E.**") 10). Plaintiffs intend to file a motion for leave to amend seeking (i) an Order, pursuant to Rules 15(a)(2), 20(a)(2), and 21 of the Federal Rules of Civil Procedure ("**Rule(s)**"), granting Plaintiffs leave to add additional defendants; and (ii) an Order, pursuant to Rule 15(a)(2) granting Plaintiffs leave to amend their operative complaint to add additional factual allegations against all resulting defendants ("**Motion to Amend**").

## INTRODUCTION

    On April 2, 2020, Plaintiffs filed their initial Complaint (D.E. 1) against Prodigy Network, LLC ("**Prodigy**") and Rodrigo Niño ("**Niño**"). On April 29, 2020, prior to serving the initial Complaint, Plaintiffs filed their FAC to add additional Plaintiffs. On May 27, 2020, Defendant Prodigy executed a Waiver of the Service of Summons ("**Waiver**") (D.E. 11). Pursuant to the Waiver, Defendant Prodigy's response to Plaintiffs' FAC is due on or before July 26, 2020. *See* D.E. 11. Defendant Prodigy has not yet filed its response in this matter and

Defendant Niño passed away on or about May 19, 2020.[1] It is early in the case, Defendant Prodigy has not yet responded to the FAC, and this Court has not entered a Rule 16 pre-trial scheduling order.

    a. <u>An Amendment to Add Additional Facts Should be Allowed</u>

Pursuant to Rule 15(a) (2), "[a] party may amend the party's pleadings . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013). A court should grant leave to amend where it will not result in undue delay or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this matter, the Motion to Amend is timely and will not result in undue delay or prejudice. As stated herein, no defendant has filed a response in this matter, the Court has not entered a pre-trial scheduling order setting a deadline for the parties to amend their pleadings and discovery has not commenced. The additional facts, which are the subject of the proposed amendment relate directly to the subject matter of this case and the acts and omissions of the proposed additional defendants. Since a deadline for the parties to amend their pleadings has not been set and no responsive pleadings have been filed in this case, Plaintiffs' request to amend their claims is timely and will not delay the resolution of this case or prejudice any party. *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (Reasoning that a party seeking to amend its complaint prior to the occurrence of a scheduling conference is not, by virtue of a scheduling order's nature, subject to the same procedural restrictions on pleading amendment as are parties who have undertaken a scheduling conference and where deadlines have been set); *see also Apropong v. Memon*, No. 14 Civ. 7990 (RWS), 2015 WL 5610879, at *4 (S.D.N.Y. Sept. 23, 2015) ("At this early stage, with discovery only just underway and no dispositive motion have been filed, the addition of new claims will result in little prejudice to the Defendants."); *Gormin v. Hubregsen*, No. 08 Civ. 7674 (PGG), 2009 WL 35020, at *1 (S.D.N.Y. Jan. 6, 2009) (allowing amendment where motion made before deadline set at initial pre-trial conference).

    b. <u>The Amendment to Add Additional Defendants Should be Allowed</u>

Where a party seeks to join a new party to an action by way of an amendment to its pleading, the propriety of the amendment is determined by reference to Rule 21, which provides that a party may be added "at any time, on just terms." Fed R. Civ. P. 21; *see also Lawrence v. Starbucks Corp.*, No. 08 Civ. 3734 (LTS) (JCF), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) ("[A] party may be added to an action 'at any time, on just terms.'"). "In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Lawrence*, 2009 WL 4794247 at *2 (internal citation and quotation marks omitted); *see also Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (explaining that the "lenient standard under Rule 15(a)" applies to motions to add parties).

---

[1] Plaintiffs will be filing a voluntary dismissal dismissing their claims against Niño in their entirety without prejudice.

     Under Rule 20(a), a party may be joined as an additional defendant to an existing action where: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2); *see also Shaw v. Munford*, 526 F. Supp. 1209, 1213 (S.D.N.Y. 1981) (quoting Fed. R. Civ. P. 20(a)).  "As with Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  *Am. Home Assur. Co. v. Merck & Co., Inc.*, No. 03 Civ. 3850 (VM) (JCF), 2004 WL 2149103, at *2 (S.D.N.Y. Sept. 24, 2004) (internal quotation marks omitted).

     In this matter, Plaintiffs' proposed amendment to add Lisandro Videla ("**Videla**") and Leonard Chinchay ("**Chinchay**") as defendants is proper under Rule 20(a).  Plaintiffs allege that Videla, Chinchay and Defendant Prodigy jointly participated in the fraudulent and tortious conduct underlying Plaintiffs' claims.  In addition, Videla's and Chinchay's conduct is the subject matter of and relates to the same transactions and occurrences at issue in the FAC.  Adding Videla and Chinchay as additional defendants on Plaintiffs' claims will allow the Court to efficiently resolve all of Plaintiffs' claims in this single proceeding.  *See Am. Home Assur. Co.*, 2004 WL 2149103 at *2.  For the same reasons discussed herein, there has been no—and there will be no—delay or prejudice, and Plaintiffs' claims against Videla and Chinchay are adequately pled.  The addition of Videla and Chinchay as party defendants will not disrupt the litigation as discovery has not yet commenced.  In fact, the scope of discovery would be relatively the same even if Videla and Chinchay were not parties to this action because of their positions as former Vice Presidents of Distribution and Client Relations of Defendant Prodigy.  For the aforementioned reasons, this Court should allow the addition of Videla and Chinchay as defendants in connection with Plaintiffs' claims.

## **CONCLUSION**

     Based on the foregoing and other related arguments that will be set forth in briefing, Plaintiffs respectfully request that the Court schedule a pre-motion conference to discuss Plaintiffs' filing of a Motion to Amend.  Should you have any questions, feel free to contact the undersigned.

                        Sincerely,

                        /s/ *Mark David Hunter*