

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

George E. Mastoris
212-294-6700
GMastoris@winston.com

June 30, 2020

<u>VIA ECF</u>
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    *Operadora Kau-Kan, et al. v. Prodigy Network, LLC, et al.*;
            <u>Case No. 1:20-cv-2770-ALC; Plaintiffs' Request for Pre-Motion Conference.</u>

Dear Judge Carter:

      We represent Defendant Prodigy Network, LLC ("Prodigy Network") in the above-referenced matter and write in response to Plaintiffs' letter request for a pre-motion conference. Although, under normal circumstances, we would not oppose such a request so early in the case, we have no choice but to do so based on the fundamental inconsistency between the factual allegations in Plaintiffs' First Amended Complaint (the "FAC") and their intention to add Mr. Leonard Chinchay and Mr. Lisandro Videla as defendants.

      The stated premise of Plaintiffs' request for a pre-motion conference (and presumably for leave to again amend their complaint) is that Messrs. Videla and Chinchay, along with Prodigy Network, "jointly participated in the fraudulent and tortious conduct underlying Plaintiffs' claims." (For obvious reasons, Plaintiffs do not appear to be alleging that either individual is liable for breach of a contract neither signed). According to the FAC, the fraud in question was Prodigy Network's alleged misrepresentation to Plaintiffs (through Messrs. Videla and Chinchay, acting in their capacity as sales agents) that Plaintiffs' contemplated investments in a property located at 84 William Street in New York were to be secured by a fully-executed promissory note payable by the investment vehicle to Prodigy Network (the "Pledge Note"). Plaintiffs assert that they relied upon those representations in choosing to invest in the property, only to find out later that the Pledge Note had never been signed by the investment vehicle.

      There are several dispositive problems with Plaintiffs' fraud allegations, all of which will be explored in depth when Prodigy Network files its motion to dismiss. What is important here, however, is Plaintiffs' admission in the FAC that Messrs. Videla and Chinchay *could not have been culpable* for the alleged conduct. Specifically, after stating that Messrs. Videla and Chinchay "always" told investors that they spoke on behalf of Rodrigo Niño (Prodigy Network's former manager, now deceased) and with Mr. Niño's approval and knowledge, Plaintiffs explicitly allege that "*Defendant Niño informed [Videla and Chinchay] that the Pledge Note was fully-executed knowing that [Videla and Chinchay] would advise Plaintiffs of the same*." ECF No. 10 ¶ 26

Hon. Andrew L. Carter, Jr.<br>June 30, 2020

(emphasis added).  In other words, according to the FAC, neither Mr. Videla nor Mr. Chinchay knew that what they were telling investors was (allegedly) false, and thus it is impossible for either to have acted with the requisite scienter necessary to establish participation in the alleged fraudulent scheme.

Absent retraction of that claim, any addition of Mr. Chinchay and Mr. Videla to the complaint would be futile.  But permitting Plaintiffs to make such a retraction now would raise serious questions given Plaintiffs' responsibility to research and verify their allegations prior to filing the FAC as well as any subsequent complaints.  Accordingly, Prodigy Network respectfully requests that this Court deny Plaintiffs' request.

One final note.  Although Plaintiffs' claims against Prodigy Network (and Mr. Niño) are wholly meritless, their desire to add Messrs. Chinchay and Videla to the complaint at this point seems especially suspect.  As the FAC itself admits, both individuals took their instructions from Mr. Niño, and neither of them was a manager of Prodigy Network or even a member of the LLC.  All of this was known to Plaintiffs when they filed their original complaint and their FAC.  The only thing that has changed since then is Mr. Niño's recent passing, which suggests strongly that Plaintiffs' motivations in adding these two individuals now has more to do with perceived leverage than with any reasonable belief that they (or, for that matter, Prodigy Network) are liable for breach of contract or fraud.

Respectfully submitted,

*s/ George E. Mastoris*
George E. Mastoris
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
gmastoris@winston.com

cc:   All counsel of record (by ECF)