USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  September 30, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **OPERADORA KAU-KAN, a foreign corporation, BENJAMIN BEJA LEZAMA, a foreign individual, MARIANA PINTO ESCANDON, a foreign individual, DALAMAN MANAGEMENT CORP., a foreign corporation, DE LORENZO HOLDINGS CORP., a foreign corporation, FERNANDO BEDOYA ALIPAZ, a foreign individual, and NICOLAS BEDOYA ALIPAZ, a foreign individual,** | |
| **Plaintiffs,** | **20 CV 2770 (ALC)** |
| **-against-** | **MEMORANDUM AND ORDER** |
| **PRODIGY NETWORK, LLC, a Delaware limited liability company, LISANDRO VIDELA, an individual, and LEONARD CHINCHAY, an individual,** | |
| **Defendants** | |

**ANDREW L. CARTER, JR., District Judge:**

Pending before the Court is Defendant Chinchay's motion to dismiss Counts III and VI of Plaintiffs' Second Amended Complaint. (ECF No. 30.) For the following reasons, Defendant Chinchay's motion to dismiss is granted.

## BACKGROUND

Defendant Prodigy, a real estate investment company, provided Plaintiffs with an opportunity to invest in Defendant Prodigy's offering of a $5 million secured non-recourse promissory note for the purpose of making a bridge loan to 84 William Street JV, LLC. (ECF No.

1

19, Second Am. Compl., ¶¶ 16-18.) In order for the $5 million to be a non-secured non-recourse promissory note, Plaintiffs were required to execute a subscription agreement. *Id.* at ¶ 20.

To induce Plaintiffs into executing the subscription agreement, Plaintiffs allege that Defendants Prodigy, Viedela, and Chinchay made material misrepresentations and omissions. *Id.* Between January 2019 and March 2019, Plaintiffs entered into the Prodigy Network, LLC Subscription Documents, and Plaintiffs collectively invested $40.1 million into the project. *Id.* at ¶ 21. Due to the subscription Agreement, Plaintiffs agreed to purchase the January 7, 2019 secured non-recourse promissory note and contribute the subscription amount. *Id.*

Prior to entering into the Subscription Agreement in or about January 2019, Defendant Videla advised Operadora, Mr. Beja, Ms. Escandon, and Dalaman that a Pledge Note was fully-executed and that Plaintiffs had a vested interest in the collateral. Plaintiffs also allege that Defendant Chinchay advised De Lorenzo, Mr. F. Bedoya, and Mr. N. Bedoya that the Pledge Note was fully-executed. Second Am. Compl. ¶ 26. According to Plaintiffs, Defendants knew that this representation was false. *Id.* at ¶ 27. Plaintiffs became aware after making their investments that the Pledge Note was never executed when Plaintiffs received a copy of the unexecuted Pledge Note from Defendant Prodigy in or about November 2019. *Id.* Plaintiffs allege that they would not have made their investments if they knew that Defendants misrepresented that the Pledge Note was executed. *Id.*

Plaintiffs also state that Defendant Prodigy took commission/sales compensation of 16% of each of Plaintiffs' investments. Plaintiffs were not aware of this and would never had invested in the project if they knew Defendant Prodigy intended to take 16% of their investment funds. *Id.* at ¶ 28.

Regarding Defendant Chinchay, who is the focus of this motion to dismiss, Plaintiffs allege that Defendant Chinchay made additional misrepresentations, advising Mr. F. Bedoya and De Lorenzo that: (1) the Project had a formal and credible appraised value of $160,000,000 (One Hundred Sixty Million U.S. Dollars); (2) the funds in connection with this investment opportunity were only being used as a bridge loan to renegotiate better terms with the Project's senior lender; and (3) the Project was extremely healthy with sufficient value-to-debt ratio that rendered it extremely safe. Moreover, Defendant Chinchay made such claims to Mr. F. Bedoya with the explicit knowledge that Mr. F. Bedoya was going to repeat such claims to Mr. N. Bedoya, and that Mr. N. Bedoya would rely upon those claims. Defendant Chinchay made these claims while acting within the scope of his duties at Defendant Prodigy. Second Am. Compl. ¶ 29. According to Plaintiffs, these representations were knowingly false when made as the Project did not have a formal appraised value of $160,000,000, and the project was financially distressed by the time Plaintiffs invested in the project. *Id.* at ¶ 32. Additionally, Plaintiffs allege that all Defendants knew of Defendant Prodigy's distressed nature and made misrepresentations, false and misleading statements while omitting Defendant Prodigy's financial difficulties.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on April 2, 2020. (ECF No. 1.) Plaintiffs amended the complaint on April 29, 2020 and September 10, 2020. (ECF Nos. 10, 19.) Defendant Chinchay moved to dismiss Counts III (Fraudulent Inducement) and VI (Common Law Fraud) of Plaintiffs' Second Amended Complaint on November 9, 2020. (ECF No. 30.) Plaintiffs opposed the motion on November 30, 2020 (ECF No. 36), and Defendant Chinchay replied on December 9, 2020. (ECF No. 42.) The Court considers the motion fully briefed.

## DISCUSSION

### I.        Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681.  Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).  In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

i.      **Contradictory Allegations in the Second Amended Complaint**

Defendant Chinchay alleges that certain of Plaintiffs' allegations in the Second Amended Complaint directly contradict the First Amended Complaint and therefore must be dismissed. Specifically, Defendant Chinchay posits that the First Amended Complaint stated that Rodrigo Niño "informed the VPs [Chinchay] that the Pledge Note was fully-executed knowing that the VPs would advise Plaintiffs of the same." *See* ECF No. 10, First Amended Complaint at ¶ 26. The Complaint then goes on to allege that "Plaintiffs would not have made its investment . . . if it knew that Defendant Niño had knowingly misrepresented that the Pledge Note was executed."

Plaintiffs' Second Amended Complaint, in contrast to the First Amended Complaint, alleges Defendant Chinchay advised De Lorenzo, Mr. F. Bedoya, and Mr. N. Bedoya that the Pledge Note was fully-executed. *Id.* at ¶ 26. According to Plaintiffs, Defendant Chinchay knew that this representation was false. *Id.* at ¶ 27.

As an initial matter, the Court finds that Plaintiff's allegations in its Second Amended Complaint do not directly contradict its allegations in the First Amended Complaint. Courts in this circuit have taken varying approaches to addressing inconsistent pleadings. Some courts have ruled that "a prior inconsistent pleading should not trump a Court's obligation under Rule 12(b)(6) to accept a complaint's allegations as true." *Palm Beach Strategic Income, LP v. Salzman*, No. 10 Civ. 261, 2011 WL 1655575, at *6 (E.D.N.Y. May 2, 2011), aff'd, 457 F. App'x 40 (2d Cir. 2012); *see Phillips v. City of Middletown*, No. 17 Civ. 5307, 2018 WL 4572971, at *4 (S.D.N.Y. Sept. 24, 2018) (noting that amended complaint omitted allegations in the original complaint that undermined excessive force claim and concluded that "because Plaintiff has filed the Amended Complaint, the Court will not import information from the original Complaint"); *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2016 WL 3963113, at *3 (S.D.N.Y. July 20,

2016) ("[a]lthough the change in the Complaint . . . raises doubt, at the motion to dismiss stage the truthfulness of the allegations is assumed, and any attempt to use Plaintiff's prior pleadings against her as an admission is premature"); *see also Palm Beach Strategic Income, LP*, 2011 WL 1655575, at *5. ("District courts in this Circuit "have considered prior inconsistent pleadings relevant, but held that they served only as controvertible, not conclusive admissions.")

However, other Courts in this Circuit have ruled that "where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CV 400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009) (summary order); *see also Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC,* No. 18 Civ. 5393, 2021 WL 310942, at *5 (S.D.N.Y. Jan. 29, 2021).

Although "there may be a rare occasion to disregard the contradictory and manipulated allegations of an amended pleading, the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course." *Barris v. Hamilton*, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999). Then a court may "distinguish[ ] between blatant or directly contradictory allegations, and allegations that can be described as clarifying but inconsistent." *Palm Beach Strategic Income, LP*, 2011 WL 1655575, at *5.

Here, Plaintiffs' original allegations are not a direct contradiction of the current allegations in the Second Amended Complaint. The First Amended Complaint did not establish that Mr. Niño was the only person with knowledge that the Pledge Note was fully executed. Nor did the First Amended Complaint establish that Defendant Chinchay, as Vice President of Client Relations, had

no independent knowledge of the Pledge Note. Rather, the Second Amended Complaint attempts to expand on deficiencies in the First Amended Complaint. While the Court understands that Defendant Chinchay believes the additional allegations in the Second Amended Complaint are self-serving in light of Mr. Niño's death, the Court will not disregard the allegations in the Second Amended Complaint.

### ii.    Counts III and VI- Fraudulent Inducement and Common Law Fraud

"Under New York law, to state a claim for fraud, a plaintiff must demonstrate (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Bolivar v. FIT Int'l Grp. Corp.*, No. 12 Civ. 781, 2017 WL 11473766 (S.D.N.Y. Mar. 16, 2017), report and recommendation adopted, No. 12 Civ. 81, 2019 WL 4565067 (S.D.N.Y. Sept. 20, 2019) (quoting *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001)). The elements of fraudulent inducement are: "(i) a representation of material fact; (ii) which was untrue; (iii) which was known to be untrue or made with reckless disregard for the truth; (iv) which was offered to deceive another or induce him to act, and (v) which that other party relied on to its injury." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 580 (2d Cir. 2005) (citations omitted).

Pursuant to Rule 9(b), a plaintiff who alleges a fraud claim "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to comply with Rule 9(b), the "complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Aquino by Convergent Distrib. of Texas, LLC v. Alexander Capital, LP*, No. 21 Civ. 1355, 2021 WL 3185533, at *12 (S.D.N.Y. July 27, 2021)

(quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)). In addition, a plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent." *Id.*

Defendant Chinchay alleges that Plaintiffs' allegations to support their fraud claim are conclusory, speculative, and mere puffery. Additionally, Defendant Chinchay argues that Plaintiffs' fraud claim fails to allege independent tortious conduct distinct from their breach of contract claim and therefore must be dismissed.

While the Court disagrees that Plaintiffs' allegations are merely conclusory, the Court concludes that Plaintiffs' fraud claim does lie in its breach contract claim. Regarding Mr. Chinchay, Plaintiffs allege Defendant Chinchay advised De Lorenzo, Mr. F. Bedoya, and Mr. N. Bedoya that the Pledge Note was fully-executed. Second Am. Compl. ¶ 26. According to Plaintiffs, Defendants knew that this representation was false. *Id.* at ¶ 27. Additionally, Plaintiffs allege that Defendant Chinchay advised Mr. F. Bedoya and De Lorenzo that: (1) the Project had a formal and credible appraised value of $160,000,000 (One Hundred Sixty Million U.S. Dollars); (2) the funds in connection with this investment opportunity were only being used as a bridge loan to renegotiate better terms with the Project's senior lender; and (3) the Project was extremely healthy with sufficient value-to-debt ratio that rendered it extremely safe. Moreover, Defendant Chinchay made such claims to Mr. F. Bedoya with the explicit knowledge that Mr. F. Bedoya was going to repeat such claims to Mr. N. Bedoya, and that Mr. N. Bedoya would rely upon those claims. Second Am. Compl. ¶¶ 29, 32.

"New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 184 (2d Cir. 2007). However, the statements identified by

Plaintiffs were merely assurances meant to bolster their ability to perform under the contract. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs.,* Inc., 98 F.3d 13, 19 (2d Cir. 1996). New York law prohibits a plaintiff from bringing a fraud claim based on factual allegations which, in essence, sound in breach of contract. Therefore, "intentionally-false statements by [a party to a contract] indicating [the party's] intent to perform under the contract . . . [are] not sufficient to support a claim of fraud." *Id.* For a fraud claim to survive alongside a breach of contract count, a plaintiff must instead show (1) "a legal duty separate from the duty to perform under the contract," (2) "a fraudulent misrepresentation collateral or extraneous to the contract," or (3) that "special damages . . . are caused by the misrepresentation and unrecoverable as contract damages." *Id.* at 20. Plaintiffs have not done that here. Numerous courts have found that a defendant's "further statements about [the defendant]'s ability or intention to pay, whether false are not, are not cognizable under *Bridgestone/Firestone*" because they are merely "false assurances of . . . intent to perform [under the contract]." *Wild Bunch, SA v. Vendian Ent., LLC*, 256 F. Supp. 3d 497, 506-07 (S.D.N.Y. 2017); *see, e.g., Mohegan Lake Motors, Inc. v. Maoli*, No. 16 Civ. 6717, 2017 WL 6335905, at *7 (S.D.N.Y. Dec. 7, 2017). Defendant Chinchay's alleged statements to Plaintiffs regarding the health of the project, Prodigy's financial state, the funds in connection to the project, and the status of the Pledge Note evidence assurances that the contract would be performed, even if those assurances were false. Accordingly, Plaintiffs have failed to identify a misrepresentation extraneous to the Contract. The Court therefore dismisses Counts III and VI against Defendant Chinchay.

## CONCLUSION

For the aforementioned reasons, the Court grants Defendant Chinchay's motion to dismiss counts III and VI of the of the Second Amended Complaint. (ECF No. 30.)

**SO ORDERED.**

**Dated:**  September 30, 2021
         New York, New York

_____

**ANDREW L. CARTER, JR.**
**United States District Judge**